Dean A. Rocco (SBN 210481)
dean.rocco@wilsonelser.com
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, CA 90071-2407
Telephone: 213.443.5100
Facsimile: 213.443.5101

Attorneys for Plaintiff,
Charles Gray

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| Charles Gray, | Case No. 5:22-cv-01217 |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. **VIOLATION OF CALIFORNIA BUSINESS CODE § 17200 *ET SEQ.*** |
| VF CORPORATION, VF SERVICES, LLC, VF OUTDOOR, LLC , | 2. **DECLARATORY AND INJUNCTIVE RELIEF (CAL. BUS. & PROF. CODE § 16600)** |
| Defendant(s). | 3. **DECLARATORY AND INJUNCTIVE RELIEF (CAL. LAB. CODE § 925)** |
| | 4. **INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS** |
| | 5. **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE** |

Plaintiff, Charles Gray ("Mr. Gray"), brings this Complaint for Declaratory Judgment, Injunctive Relief and Damages against VF Corporation, VF Services, LLC, and VF Outdoor, LLC (collectively referred to as "the VF Entities" for purposes of this Complaint only), alleging as follows:

1

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

272965619v.1

## NATURE OF THE ACTION

1.    This action arises out the VF Entities' unlawful attempt to restrict Mr. Gray's right to employment and advancement in his lawful profession and expertise in California. As recently as March 15, 2022, California Attorney General Rob Bonta issued an alert reminding employers and workers that ***non-compete agreements are not enforceable in California as a matter of public policy***. In particular, Mr. Bonta stated:

> "***Despite being prohibited in California***, noncompete provisions are routinely included in employee contracts, including contracts for lower-wage workers. This can have a tremendous effect of deterring workers from pursuing new, and oftentimes better job opportunities," said Attorney General Bonta. "As our economy recovers, it is more important than ever for employers and workers in our state to have a system that protects competition in the labor market. ***Today's alert is a reminder that noncompete agreements have no place in California***."

(https://oag.ca.gov/news/press-releases/attorney-general-bonta-reminds-employers-and-workers-noncompete-agreements-are) (last accessed July 11, 2022) (*emphasis added*).

2.    This action asserts the laws of the State of California, and the Federal Declaratory Judgment Act. 28 U.S.C. § 2201 *et seq.*

3.    Under California Business and Professions Code, §16600 *et seq.* and §17200 *et seq.*, the VF Entities cannot enforce any agreement which would restrict Mr. Gray's right to accept new employment and a better opportunity in California because such restriction would amount to an unfair trade practice.

4.    Furthermore, under California Labor Code § 925, Mr. Gray has the right to void any agreement that would deprive him of the substantive protections provided by California, including his right to accept employment in California.

5.    By seeking to unlawfully enforce a restriction on Mr. Gray's

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

272965619v.1

employment, the VF Entities have intentionally interfered with Mr. Gray's contractual relations and prospective economic advantages, in violation of the common law of this State with respect to Counts IV and V.

## THE PARTIES

6.    Mr. Gray is an individual who resides in Riverside County, California. He is a resident of California and works in California.

7.    VF Corporation, upon information and belief, is a Delaware Corporation with its principal place of business in Colorado. VF Corporation conducts business in Riverside County and has substantial business contacts with the State of California.

8.    VF Services, LLC, upon information and belief, is a Delaware limited liability company with its principal place of business in Colorado.

9.    VF Outdoor, LLC upon information and belief, is a Delaware limited liability company with its principal place of business in Colorado. VF Outdoor, LLC conducts business in Riverside County and has substantial business contacts with the State of California.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction over every asserted count pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

11.    The parties are diverse within the meaning of § 1332.

12.    The VF Entities are purportedly registered in Delaware with their principal places of business in North Carolina (VF Services, LLC) or Colorado (VF Corporation and VF Outdoor, LLC). On the other hand, Mr. Gray is a resident of California. Accordingly, there is complete diversity of citizenship between Mr. Gray on one hand and the VF entities on the other.

13.    Additionally, § 1332 is satisfied because the amount in controversy exceeds $75,000, exclusive of interest and costs. The basis for the amount in

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

controversy includes, at a minimum, the VF Entities' allegation that it would suffer more than $75,000 in damages if Mr. Gray were permitted to exercise his right to work. Additionally, if the VF Entities were to be successful and Mr. Gray were deprived of his right to work, the economic harm to Mr. Gray would exceed the required minimum amount in controversy.

14.    This Court has personal jurisdiction over Mr. Gray because he is a resident of this judicial District and because he has availed himself to this Court by filing the present action.

15.    This Court has personal jurisdiction over the VF Entities.

16.    At a minimum, the VF Entities are subject to specific jurisdiction in this judicial District because they employed Mr. Gray in this judicial District, because they entered into a purported agreement with Mr. Gray who is a resident of this judicial District, and because they are now seeking to unlawfully deprive Mr. Gray of his right to accept a lawful employment in this judicial District.

17.    The VF Entities are subject to jurisdiction in this judicial District for the additional reason that they are registered to do business in this judicial district, maintain a registered agent in the State of California, have a physical presence in the State of California, target consumers in the State of California, conduct substantial business within the State of California, and have availed themselves of the benefits and privileges provided by the State of California.

18.    Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b).

19.    A substantial part of the events or omissions giving rise to the claim occurred in this judicial District. Mr. Gray lives and works in this judicial District and is seeking to exercise his right to employment and advancement in a lawful profession in this judicial District. Additionally, the VF Entities' unlawful attempt to restrict his right to employment and advancement amount to interference with Mr. Gray's rights under California law, as well as interference with Mr. Gray's existing

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
272965619v.1

business relationship and prospective economic advantages in this judicial District.

## FACTUAL ALLEGATIONS

20.    Prior to February 2013, Mr. Gray worked at Johnson & Johnson for approximately 18 years, where he developed vast expertise in the areas of supply chain management and operations.

21.    Mr. Gray was first hired by the VF Entities in or around February 2013.

22.    In or around August 2017, Mr. Gray accepted a new position with the VF Entities, as Vice President of Product Supply for Timberland Footwear, a VF Entities' brand. In this position, VF Services, LLC was the entity that employed him and issued his Form W-2 tax statement as an employer.

23.    As part of his acceptance of the VP of Product Supply position for Timberland Footwear, Mr. Gray was assigned to work in Hong Kong. Before leaving for Hong Kong, Mr. Gray signed an international assignment agreement with VF Corporation, indicating that his "Home Country" location would continue to be California for the duration of the assignment, beginning in December of 2017.

24.    The international assignment agreement further stated that his "tax location will be California" for the duration of the assignment. A true and correct copy of this document is attached hereto as Exhibit 1.

25.    On March 29, 2018, Mr. Gray signed VF Corporation's Protective Covenants Agreement (hereinafter "the PCA?"). A true and correct copy of the PCA is attached hereto as Exhibit 2.

26.    The PCA was not negotiable by the VF Entities, and Mr. Gray was required to sign it in order to receive compensation.

27.    Clause 6 of the PCA is titled "Non-Competition" (hereinafter "the Non-Compete Clause").

28.    Section (b) of the Non-Compete Clause states, in part, that:

> **Except as prohibited by law**, Associate agrees that, for a
> period of one (1) year after the Termination Date ("Non-

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Compete Period"), Associate shall not Compete with VF's Business anywhere in the United States of America.

(*emphasis added*).

29.    Section (c) of the Non-Compete Clause further states that:

"[i]n the event a court of competent jurisdiction determines that it is unable to enforce Paragraph 6(b) above for any reason, the alternative covenant in this Paragraph 6(c) shall apply. **Except as prohibited by law**, Associate agrees that, for a period of one (1) year after the Termination Date ("Non-Compete Period"), Associate shall not Compete with VF's Business anywhere in the United States of America by performing the same or substantially similar services that Associate provided to VF, during the two (2) years preceding the Termination Date, for or on behalf of any of the Competing Businesses specifically identified in Appendix A as direct competitors of the VF brand(s) and/or division(s) for which Associate provided services during the two (2) years before the termination Date (more than one category of which may apply if Associate provided services for or on behalf of more than on[*sic*] VF brand or division during the two (2) years before the Termination Date.

(*emphasis added*).

30.    California is a state that prohibits non-compete agreements. As Attorney General Rob Bonta stated, "noncompete agreements have no place in California." Thus, the Non-Compete Clause is prohibited by law in California, and not enforceable in California.

31.    In any event, Appendix A lists 46 alleged competitors of the VF Entities applicable to employees engaged in "VF Services/Supply Chain" functions. Notably, Appendix A does not list the Arc'teryx brand under the VF Services/Supply Chain category or The North Face category.  In fact, Arc'teryx is not listed anywhere in Appendix A.

32.    Clause 18 of the PCA is titled "Governing Law, Jurisdiction and

6

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

272965619v.1

Venue" (hereinafter "Forum Clause").

33.    The Forum Clause provides, in part, that PCA:

> . . . has been entered into under and shall be governed and interpreted in accordance with the laws of the State of North Carolina, notwithstanding and without regard to any conflict of laws provision or policy that would dictate the application of another jurisdiction's laws. The parties agree that the Courts of North Carolina (state or federal), shall be the sole and exclusive jurisdiction and venue for all challenges to this agreement by Associate and are a permissible jurisdiction and venue for any actions by VF to enforce this Agreement.

34.    Mr. Gray was not in fact individually represented by legal counsel in negotiating the terms of the PCA.

35.    Clause 1 of PCA states "VF Corporation employs Associate subject to the terms and conditions in this Agreement and at the level of compensation and benefits separately established by VF Corporation."

36.    Clause 2 of PCA states "Associate acknowledges that . . . he/she is voluntarily and willingly entering into this Agreement in exchange for VF Corporation . . . (2) continuing to employ Associate in an at-will capacity . . ."

37.    In August 2019, Mr. Gray moved into the position of Vice President, Supply Chain Operations for the North Face brand. In this position, the entity that employed him and issued his Form W-2 tax statement was VF Outdoor, LLC.

38.    Around June 13, 2022, Mr. Gray flew to Denver to personally inform the VF Entities of his intent to resign. On June 13, 2022, Mr. Gray formally tendered his resignation from the VF Entities, to be effective July 8, 2022.

39.    Mr. Gray resigned from the VF Entities because he accepted a new position as Chief Supply Chain Officer for the Arc'teryx brand. As stated above, Arc'teryx is not among the VF Entities' direct competitors specifically identified in Appendix A to the Non-Compete Clause.

7

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

40.    At the time Mr. Gray tendered his resignation, he also had a conversation with Sara Moak, a Human Resources representative for the VF Entities. Ms. Moak told Mr. Gray that the VF Entities knew the Non-Compete Clause was not enforceable against him.

41.    Mr. Gray was therefore under the impression that the VF Entities would not seek to enforce the Non-Compete Clause, since the VF Entities themselves recognized that it was not enforceable. The VF Entities did not inform Mr. Gray of their intent to enforce the terms of the Non-Compete Clause until July 8, 2022.

42.    On July 8, 2022, Philip Marchion, the Vice President and General Counsel, Labor & Employment of VF Corporation sent Mr. Gray a letter (hereafter "the Marchion Letter") indicating the VF Entities intended to enforce the Non-Compete Clause.

43.    Mr. Gray was surprised to learn of the VF Entities' attempt to enforce the Non-Compete Clause because the Marchion Letter contradicted the statements made by Ms. Moak.

44.    A true and correct copy of the Marchion Letter is attached hereto as Exhibit 3.

45.    The Marchion Letter requested a response from Mr. Gray by 12:00 pm MT on July 11, 2022, barely one full business day after he received the letter.

46.    Unbeknownst to Mr. Gray, the VF Entities had already filed suit against him before they sent the Marchion Letter. On July 6, 2022, VF Corporation, VF Services, LLC, and VF Outdoor, LLC filed suit against Mr. Gray in the United States District Court for the Western District of North Carolina, Charlotte Division, alleging Anticipatory Breach of Contract and/or Breach of Contract (hereafter "the North Carolina suit").

47.    On July 8, 2022, shortly after receiving the Marchion Letter, Mr. Gray was served with summons and the North Carolina suit.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
272965619v.1

48.   The Marchion Letter provided Mr. Gray a very limited time to understand and evaluate his option. After evaluating his option, Mr. Gray responded to Mr. Marchion on July 12, 2022, by informing him, and the VF Entities, that Mr. Gray elected to exercise his right to void the Non-Compete Clause and Forum Clause under Cal. Lab. Code §925.  A true and correct copy of this letter is attached hereto as Exhibit 4.

49.   In view of his July 12, 2022 letter, the Non-Compete Clause and the Forum Clause are now voided.

50.   Mr. Gray is a California resident. He lives in Riverside County, CA.

51.   Mr. Gray has been working primarily in California and intends to continue working primarily in California.

52.   The VF Entities are aware of Mr. Gray's residence in California. For example, VF Corporation listed Mr. Gray's California address on his most recent Form W-2 tax statement.

53.   The VF Entities knew that Mr. Gray primarily resided and worked in California while he held the position of VP, Supply Chain Operations for the North Face brand.

54.   The VF Entities were aware that, pursuant to Cal. Lab. Code §925, including in a non-competition clause a choice of forum and law outside of California would deprive Mr. Gray of the protections provided to California employees under California law.

55.   Accordingly, the North Carolina lawsuit is improper because it seeks to interfere with the substantive rights Mr. Gray is given as a California employee under California law.

## COUNT I

(Unfair Competition under Cal. Bus. & Prof. Code § 17200 *et seq.*)

56.   Each of the foregoing allegations is hereby re-alleged and incorporated

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
272965619v.1

by reference.

57.    The VF Entities' attempt to enforce the Non-Compete Clause and the Forum Clause constitutes unfair and unlawful business acts or practices in violation of Cal. Bus. & Prof. Code § 17200 et seq.

58.    The Non-Compete Clause purports to restrain Mr. Gray from engaging in a lawful profession, trade, or business, and is therefore void pursuant to Cal. Bus. & Prof. Code §16600. In this way, the Non-Compete Clause seeks to deprive Mr. Gray of his right to engage in employment and advancement in his lawful profession and expertise.

59.    The Forum Clause purports to require Mr. Gray, who resides and works primarily in California, to adjudicate his rights outside of California, in North Carolina, and deprives Mr. Gray of the substantive protection California provides its employees concerning their right to engage in lawful employment.

60.    Cal. Lab. Code § 925(b) provides that terms such as the Non-Compete Clause and the Forum Clause, which attempt to force a California employee to adjudicate in an external forum are voidable by the employee.

61.    Mr. Gray had very limited time to respond to the Marchion letter. After weighing his options, he sent a letter on July 8, 2022, informing the VF entities that he is voiding the Non-Compete Clause and the Forum Clause. Accordingly, the Non-Compete Clause and the Forum Clause are voided and cannot be enforced against Mr. Gray.

62.    The VF Entities' attempt to enforce the void Non-Compete Clause and the void Forum Clause amounts to an unfair business practice and is an unlawful act in violation of § 17200 et seq.

63.    Mr. Gray has suffered and will continue to suffer an injury in fact as a result of the VF Entities' unfair and unlawful conduct. Mr. Gray has been forced to expend time and resources to prevent the VF Entities from attempting to enforce the

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
272965619v.1

unenforceable Non-Compete Clause and Forum Clause, and to prevent the VF Entities from interfering with Mr. Gray's right to employment and advancement in his chosen profession as a California employee.

64.     The VF Entities' conduct described herein amounts to an unfair and unlawful business practice that is actionable under § 17200 et seq. The Court should restrain the VF Entities from enforcing an unlawful agreement and interfering with Mr. Gray's right to work in his chosen profession, and his right to move between jobs within the California marketplace.

65.     As such, Mr. Gray seeks a determination by the Court that Mr. Gray has the right to engage in lawful employment and pursue better opportunities as a California employee, and that the Non-Compete Clause and the Forum Clause are void under California law and policy and cannot be used or enforced against Mr. Gray. Mr. Gray also seeks a preliminary and permanent injunction prohibiting the same.

## COUNT II

(Declaratory Judgment of Unenforceability under Cal. Bus. & Prof. Code § 16600)

66.     Each of the foregoing allegations is hereby re-alleged and incorporated by reference.

67.     An actual and substantial controversy exists between Mr. Gray and the VF Entities.

68.     The VF Entities are attempting to use and enforce the Non-Compete Clause and Forum Clause to preclude Mr. Gray from accepting an advancement in his employment in California. This is in direct contradiction to California law, which prohibits non-compete clauses or purported agreements from being enforced against a California employee and resident like Mr. Gray.

69.     It is a fundamental policy of the State of California that every citizen shall retain the right to pursue any lawful employment and enterprise of their choice.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
272965619v.1

To that end, California enacted §16600, under which agreements restricting an employee from engaging in a lawful profession are void.

70.    California courts cannot enforce agreements if doing so would be contrary to California's fundamental policy. Because Mr. Gray lives and works in California, this Court has a significant material interest in adjudicating this dispute and protecting Mr. Gray's right to lawful employment.

71.    As applied to the present case, the Non-Compete Clause and Forum Clause are both void. Nonetheless, the VF Entities are attempting to use and enforce the void Non-Compete Clause and Forum Clause to restrain Mr. Gray from engaging in a lawful profession and move between jobs within the California marketplace.

72.    Mr. Gray denies that the Non-Compete Clause and Forum Clause are valid or enforceable.

73.    Accordingly, there is a justiciable controversy which is ripe for adjudication.

74.    Mr. Gray now seeks a judgment declaring that Mr. Gray has the right to engage in any lawful employment as a California employee, and that the Non-Compete Clause and Forum Clause are both void and unenforceable. He also seeks injunctive relief barring the VF Entities from using and attempting to enforce the Non-Compete Clause and Forum Clause, and an award of his reasonable attorney's fees.

## COUNT III

(Declaratory Judgment for Violation of Cal. Lab. Code § 925)

75.    Each of the foregoing allegations is hereby re-alleged and incorporated by reference.

76.    Pursuant to § 925 of the California Labor Code:

> [a]n employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would do either of the following: (1) Require the employee to

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

272965619v.1

adjudicate outside of California a claim arising in California[; or] (2) Deprive the employee of the substantive protection of California law with respect to a controversy arising in California.

77.    Further pursuant to § 925:

[a]ny provision of a contract that violates subdivision (a) is voidable by the employee, and if a provision is rendered void at the request of the employee, the matter shall be adjudicated in California and California law shall govern the dispute.

78.    Mr. Gray may avail himself of § 925, especially as he was not in fact represented by counsel at the time he signed the PCA.

79.    After weighing his legal options, Mr. Gray chose to exercise his right to void the Non-Compete Clause and the Forum Clause. He informed the VF Entities in a letter sent July 12, 2022.

80.    Section 925 also provides that the Court "may award an employee who is enforcing his or her rights under this section reasonable attorney's fees."

81.    In this case, the Non-Compete Clause and Forum Clause violate § 925.

82.    For example, the Forum Clause purports to require Mr. Gray to adjudicate this dispute in North Carolina.

83.    As another example, the Non-Compete Clause, if enforced, would deprive Mr. Gray of the substantive protection that California law provides him, with respect to his right to engage in a lawful profession in California, and pursue career advancement as a California employee.

84.    Nonetheless, the VF Entities are using, and attempting to enforce, the Non-Compete Clause and Forum Clause against Mr. Gray.

85.    Accordingly, there is an actual and justiciable controversy that is ripe for adjudication.

86.    Mr. Gray now seeks a judgment declaring that Mr. Gray has the right to engage in any lawful employment as a California employee, and that the Non-

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

272965619v.1

Compete Clause and Forum Clause are both void and unenforceable. He also seeks injunctive relief barring the VF Entities from using and attempting to enforce the Non-Compete Clause and Forum Clause, and an award of his reasonable attorney's fees.

## COUNT IV

### (Intentional Interference with Contractual Relations)

87.    Each of the foregoing allegations is hereby re-alleged and incorporated by reference.

88.    Mr. Gray agreed to accept a position with the Arc'teryx brand, which will provide him with future economic benefits once his employment begins.

89.    As of at least June 13, 2022, the VF Entities knew that Mr. Gray accepted the position and would be working for the Arc'teryx brand in California.

90.    As alleged above, the VF Entities, through their HR Representative, informed Mr. Gray that the VF Entities knew the Non-Compete Clause was not enforceable against Mr. Gray in California.

91.    Despite Ms. Moak telling Mr. Gray that the Non-Compete Clause was not enforceable, the VF Entities are now using and attempting to enforce the unenforceable Non-Compete Provision and Forum Clause against Mr. Gray.

92.    The VF Entities' actions constitute willful and deliberate interference with Mr. Gray's new employment relationship. The VF Entities' actions are intended to interfere with, disrupt, and prevent the performance of Mr. Gray's agreement with the Arc'teryx brand.

93.    The VF Entities' actions have unlawfully disrupted the relationship, by, among other things, forcing Mr. Gray to spend time and resources defending against the VF Entities' unlawful actions. Moreover, should the VF Entities be successful in their enforcement of the Non-Compete Provision, the VF Entities will have wrongfully disrupted Mr. Gray's performance of his duties and responsibilities

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
272965619v.1

under his employment, advancement, and economic opportunities with the Arc'teryx brand.

94.    Accordingly, Mr. Gray is entitled to monetary damages to compensate him for the VF Entities' interference, and injunctive relief barring the VF Entities from further using or attempting to enforce the Non-Compete Provision and Forum Clause.

## COUNT V

(Intentional Interference with Prospective Economic Advantage)

95.    Each of the foregoing allegations is hereby re-alleged and incorporated by reference.

96.    Mr. Gray accepted a position with the Arc'teryx brand, which is an economic relationship that will provide a future economic benefit and skill advancement once his employment begins.

97.    The VF Entities knew of Mr. Gray's relationship with the Arc'teryx brand.

98.    As alleged above, the VF Entities, through their HR Representative Ms. Moak, informed Mr. Gray that the VF Entities knew the Non-Compete Clause was not enforceable against Mr. Gray in California.

99.    Nonetheless, the VF Entities chose to engage in wrongful conduct by using and attempting to enforce the Non-Compete Clause and Forum Clause. The VF Entities' actions have unlawfully disrupted the relationship, by, among other things, forcing Mr. Gray to spend time and resources defending against the VF Entities' unlawful actions. Moreover, should the VF Entities be successful in their enforcement of the Non-Compete Provision, the VF Entities will have wrongfully interfered with Mr. Gray's prospective economic advantage and skill advancement that he would have gained from his employment with the Arc'teryx brand.

100.    Accordingly, Mr. Gray is entitled to monetary damages to compensate

15

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

him for the VF Entities' interference, and injunctive relief barring the VF Entities from further using or attempting to enforce the Non-Compete Provision and Forum Clause.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Charles Gray, prays for the following declaratory and injunctive relief, judgment, damages, fees, and costs as follows:

A.    A judicial declaration that the VF Entities' conduct described herein amounts to an unfair and unlawful business practice and therefore violates Cal. Bus. & Pro. Code § 17200 *et seq.*;

B.    A judicial declaration that Mr. Gray has the right to engage in any lawful employment as a California employee and that the Non-Compete Clause and the Forum Clause are void under California law and policy and cannot be used or enforced against Mr. Gray;

C.    A judicial declaration and judgment that the Non-Compete Clause and Forum Clause are void pursuant to Cal. Bus. & Prof. Code §16600;

D.    A judicial declaration and judgment that the Non-Compete Clause and Forum Clause are void pursuant to Cal. Lab. Code § 925;

E.    A judicial declaration and judgment that the VF entities are precluded from enforcing any out-of-state judgment or injunction in California against Mr. Gray that the VF Entities may obtain in any other state that upholds the validity of the Non-Compete Clause and the Forum Clause in California;

F.    Compensatory damages with respect to Count IV;

G.    Compensatory Damages with respect to Count V;

H.    Preliminary and permanent injunctive relief barring the VF Entities from using and attempting to enforce the Non-Compete Clause and Forum Clause against Mr. Gray;

I.    Preliminary and permanent injunctive relief barring the VF Entities

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

272965619v.1

from seeking a preliminary injunction in any state that would uphold the Non-Compete Clause and Forum Clause to the extent such enforcement would hinder Mr. Gray's ability to engage in any lawful employment as a California employee;

J.     Reasonable attorneys' fees as authorized by Cal. Lab. Code § 925;

K.     All remedies permitted by statute or common law; and

L.     For such other and further relief as this Court deems just and proper.

Dated: July 12, 2022                    WILSON ELSER MOSKOWITZ
                                        EDELMAN & DICKER LLP


                                        By:    /s/ *Dean A. Rocco*

                                        Dean A. Rocco
                                        Attorneys for Plaintiff
                                        Charles Gray

17

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

272965619v.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

272965619v.1